James E. JADERBORG, by his guardian ad litem, C.M. Bye, Jon Jaderborg and Barbara Jaderborg, Plaintiffs-Respondents,†

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Appellant,

EMPLOYERS INSURANCE OF WAUSAU, Defendant.

Court of Appeals

*No. 00–1102. Submitted on briefs September 12, 2000.—Decided October 24, 2000.*

## 2000 WI App 246

(Also reported in 620 N.W.2d 468.)

---

†Petition to review denied.

---

534

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Mark W. Wendorff* and *Paul E. David* of *Wendorff, Ellison & David*, Wausau.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *C.M. Bye* of *Bye, Goff & Rohde, Ltd.*, River Falls.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. American Family Mutual Insurance Company appeals a nonfinal order[1] declaring that Jon and Barbara Jaderborgs' personal liability umbrella policy affords underinsured motorist coverage to their minor son, James Jaderborg, for injuries sustained in an automobile accident. Because the policy unambiguously excludes coverage for an underinsured motorist claim, we reverse the circuit court's order.

## BACKGROUND

¶ 2. James was injured in an automobile accident as a result of Danielle Mendyke's negligence. At the time of the accident, Mendyke was insured by USAA Casualty Insurance Company and had a liability bodily injury limit of $50,000 per person. The Jaderborgs had an automobile insurance policy with American Family that included an underinsured motorist endorsement. They also had a personal liability umbrella policy

[1] On May 19, 2000, we granted American Family's petition for leave to appeal. This is an expedited appeal under WIS. STAT. RULE 809.17 (1997–98).

issued by American Family with a limit of one million dollars.

¶ 3.   The Jaderborgs settled their claims for damages with Mandyke's insurer, USAA, for $50,000 and with American Family under their automobile policy for $50,000.[2] Under the terms of the settlement, the Jaderborgs expressly reserved the right to make an underinsured motorist claim against their personal liability umbrella policy.

¶ 4.   The Jaderborgs commenced an action, alleging that American Family's personal liability umbrella policy afforded coverage for an underinsured motorist claim. The Jaderborgs moved for declaratory judgment pursuant to WIS. STAT. § 806.04. The circuit court held that the umbrella policy issued by American Family afforded underinsured motorist coverage and granted the motion. This appeal followed.

### STANDARD OF REVIEW

■

¶ 5.   We interpret an insurance policy's terms without deference to the circuit court's decision. *See Kaun v. Industrial Fire & Cas. Ins. Co.*, 148 Wis. 2d 662, 667, 436 N.W.2d 321 (1989). "The construction of words and phrases in insurance policies is generally a matter of law and is controlled by the same rules of construction as are applied to contracts generally." *Kremers-Urban Co. v. American Employers Ins. Co.*, 119 Wis. 2d 722, 735, 351 N.W.2d 156 (1984). "Where no ambiguity exists in the terms of the policy, we will

---

[2] The Jaderborgs' automobile insurance policy contained a $50,000 limit after applying a reducing clause pursuant to their underinsured motorist coverage.

not engage in construction, but will merely apply the policy terms." *Id.* at 736.

## DISCUSSION

¶ 6.   The Jaderborgs' personal liability umbrella policy contains a general granting clause that provides:

> We will pay up to our limit, compensatory damages for which an insured becomes legally liable for injury caused by an occurrence covered by this policy. This coverage applies only to damages in excess of the primary limit.

¶ 7.   The umbrella policy contains an exclusion section. Within the section is a clause relating to underinsured motorists. It states:

> Uninsured/Underinsured Motorists. We will not cover any claims which may be made under Uninsured Motorists Coverage, Underinsured Motorists Coverage or similar coverage, unless this policy is endorsed to provide such coverage.

According to the clear and unambiguous terms of the underinsured motorist exclusion, no underinsured coverage is afforded without the necessary endorsement. It is undisputed that the exclusion is not endorsed to provide underinsured coverage.

¶ 8.   The Jaderborgs argue, however, that two other policy provisions create ambiguity and thus afford coverage: the "Other Insurance" condition and the Intra-Insured clause.

I.   OTHER INSURANCE

¶ 9.   The Jaderborgs argue that the umbrella policy creates underinsured coverage through the "Other Insurance" condition. They contend that the condition

provides excess coverage in the event any applicable underlying insurance is exhausted. Under that interpretation, the condition provides excess underinsured motorist coverage over the Jaderborgs' underlying automobile insurance. We disagree.

¶ 10.  The condition states:

> Other Insurance. The insurance afforded by this policy is excess over any other insurance available to an insured, except insurance written specifically as an umbrella or excess liability insurance policy.

The condition simply operates to prioritize the insurance coverage afforded by the policy through other applicable insurance. The condition does not grant coverage. The Jaderborgs' interpretation ignores the express provisions of the policy that require the insured to maintain certain minimum primary insurance coverages in order to be afforded the excess coverage of the umbrella policy.

¶ 11.  In *Muehlenbein v. West Bend Mut. Ins. Co.*, 175 Wis. 2d 259, 499 N.W.2d 233 (Ct. App. 1993), we addressed whether an exclusion "endorsement to an insurance policy expanded the scope of the policy, when the body of the policy was clear and unambiguous and did not mention the coverage excluded by the endorsement." *Id.* at 262. We concluded that, "rather than creating an ambiguity, the endorsement at issue . . . actually eliminate[d] a potential ambiguity in the body of the umbrella policy." *Id.* at 265. The exclusion endorsement merely clarified the insurance policy, but did not expand its scope. *See id.* at 262. The policy in *Muehlenbein* made no other reference to underinsured motorist coverage. We recognized a potential ambiguity in the umbrella policy when the underlying policies were considered in conjunction with the "Other Insur-

ance" provision of the umbrella policy. *See id.* at 268. The exclusion endorsement, however, clearly and unambiguously excluded underinsured motorist coverage, and eliminated the potential ambiguity in the body of the umbrella policy. *See id.* at 269.

¶ 12.    Unlike the policy in *Muehlenbein*, the umbrella policy here contains an underinsured motorist exclusion. The effect, however, is the same as in *Muehlenbein*. The underinsured motorist exclusion prohibits coverage for an underinsured motorist claim and defeats the Jaderborgs' argument that the "Other Insurance" clause creates an ambiguity.

II.    INTRA-INSURED CLAUSE

¶ 13.    The umbrella policy contains the following clause:

> Intra-Insured Suits. We will not cover personal injury to the named insured or anyone within the meaning of part a or b of the definition of insured. However, this exclusion does not apply when the injuries arise from the use of a car or recreational motor vehicle.

The Jaderborgs argue that this clause conflicts with and thus supersedes the underinsured motorist exclusion. They contend that, under the Intra-Insured clause, an insured may not bring a claim under the umbrella policy for injuries, except where those injuries arise from the use of a vehicle. They further argue that because an underinsured motorist claim is a claim by an insured for their injuries arising from the use of a vehicle, the Intra-Insured clause creates coverage for an underinsured motorist claim. We are not persuaded.

¶ 14. The Intra-Insured clause provides coverage for personal injury to the named insured, but only coverage of the type afforded by the personal liability umbrella policy. Under the umbrella policy, liability coverage is available to cover an insured's injuries arising from another insured's use of a car. Thus, the clause allows one insured to sue another in situations such as guest-passenger accidents. This is the reason the clause carries the title "Intra-Insured Suits." The Jaderborg's interpretation ignores the significance of the language as it relates to one insured suing another insured for bodily injury arising from the use of a vehicle.

¶ 15. The Intra-Insured clause merely reflects the requirements of WIS. STAT. § 632.32(6)(b)1 and 2 (1997–98),[3] which prohibit an insurance company from excluding any person who is a named insured or passenger in the insured vehicle from the benefits provided by the policy.

¶ 16. The Jaderborgs also argue that because the Intra-Insured clause creates an ambiguity, it supersedes the underinsured exclusion clause. We disagree.

¶ 17. Coverage cannot be established by an exception to an exclusion. See ARNOLD P. ANDERSON, WISCONSIN INSURANCE LAW § 1.9B (4th ed. 1998). "A reservation exception to an exclusion does not, standing alone, create coverage unless the claim is cognizable under

---

[3] WISCONSIN STAT. § 632.32(6)(b)1 and 2a (1997–98), reads as follows:

(b)   No policy may exclude from the coverage afforded or benefits provided:

1.   Persons related by blood or marriage to the insured.

2. a.   Any person who is a named insured or passenger in or on the insured vehicle, with respect to bodily injury, sickness or disease, including death resulting therefrom, to that person.

the general grant of coverage." *Silverton Enters. v. General Cas. Co.*, 143 Wis. 2d 661, 671, 422 N.W.2d 154 (Ct. App. 1988). The Jaderborgs' claim is not cognizable under the general grant of coverage. The general grant of coverage unambiguously affords only excess personal liability insurance. The Jaderborgs' claim is for underinsured coverage. As a result, they cannot rely upon the exception to the exclusion to establish coverage.

¶ 18.    Regardless, we determine that there is no conflict between the Intra-Insured clause and the underinsured motorist exclusion. The Intra-Insured clause is not related to the granting of underinsured motorist coverage. The clause only relates to intra-insured suits.

*By the Court.*—Order reversed.