Dale REBERNICK, Sandra Rebernick and Gregory Rebernick by his Guardian ad Litem, Plaintiffs-Appellants-Petitioners,

v.

WAUSAU GENERAL INSURANCE COMPANY, Defendant,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Supreme Court

*No. 2004AP487. Oral argument January 10, 2006.*
*—Decided March 30, 2006.*

2006 WI 27

(Also reported in 711 N.W.2d 621.)

For the plaintiffs-appellants-petitioners there were briefs by *Thomas A. Ogorchock* and *Miller & Ogorchock, S.C.*, Milwaukee, and oral argument by *Thomas A. Ogorchock.*

For the defendant-respondent there was a brief by *Emile H. Banks, Jr., Vicki L. Arrowood,* and *Emile Banks & Associates, LLC,* Milwaukee, and oral argument by *Emile H. Banks, Jr.*

An amicus curiae brief was filed by *Beth Ermatinger Hanan* and *Gass Weber Mullins LLC,* Milwaukee, on behalf of Wisconsin Insurance Alliance, Civil Trial Counsel of Wisconsin, and Property Casualty Insurers Association of America.

An amicus curiae brief was filed by *Lynn R. Laufenberg* and *Laufenberg & Hoefle, S.C.,* Milwaukee, on behalf of the Wisconsin Academy of Trial Lawyers.

¶ 1. ANN WALSH BRADLEY, J.   Dale and Sandra Rebernick, along with their minor son, Gregory, petition for review of a published court of appeals decision affirming a circuit court order dismissing their claim against their insurer, American Family Mutual Insurance Company.[1] The Rebernicks assert that they are entitled to retroactively purchase underinsured motorist (UIM) coverage under their umbrella policy because American Family failed to notify them of the availability of UIM coverage under the policy pursuant to Wis. Stat. § 632.32(4m) (2003–04).[2]

¶ 2. We determine that American Family was required to notify the Rebernicks of the availability of UIM coverage under their umbrella policy pursuant to § 632.32(4m). However, we also determine that, given the circumstances of this case, American Family provided notice to the Rebernicks of the availability of UIM

---

[1] *See Rebernick v. Wausau Gen. Ins. Co.,* 2005 WI App 15, 278 Wis. 2d 461, 692 N.W.2d 348 (affirming an order of the circuit court for Milwaukee County, Daniel A. Noonan, Judge).

[2] All subsequent references to the Wisconsin Statutes are to the 2003–04 version unless otherwise indicated.

coverage under their umbrella policy. Thus, we need not address what remedy would be appropriate had American Family failed to notify the Rebernicks of the availability of UIM coverage. We affirm the court of appeals.

I

¶ 3. The facts are undisputed for purposes of our decision. Dale Rebernick was seriously and permanently injured when the lawn mower he was riding was hit by a car. The driver of the car had $25,000 in liability insurance, which was paid to Rebernick. In addition, Rebernick collected the $100,000 limits of UIM coverage under the Rebernicks' automobile insurance policy with American Family.

¶ 4. The Rebernicks also had a $1 million umbrella policy through American Family that required them to maintain their underlying automobile policy as primary insurance. They sued American Family for additional funds under the umbrella policy. Although the terms of the umbrella policy expressly excluded UIM coverage, the Rebernicks asserted that they were entitled to reformation of the policy because American Family had failed to provide them with notice of the availability of UIM coverage for that policy. Such notice, they asserted, was required under § 632.32(4m).[3]

---

[3] Wisconsin Stat. § 632.32(4m) reads in pertinent part as follows:

> Underinsured motorist coverage. (a)1. An insurer writing policies that insure with respect to a motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by a person arising out of the ownership, maintenance or use of a motor vehicle shall provide to one insured under each such insurance policy that goes into effect after October 1, 1995, that is written by the insurer and that does not include underinsured motorist

¶ 5.   American Family moved for summary judgment, asserting that the notice requirements of § 632.32(4m) apply only to primary automobile insurance polices. The Rebernicks countered with a motion for declaratory relief. In addressing the motions, the circuit court noted that the purpose of the statute is to ensure that all insureds know of the availability of UIM coverage. It observed that the Rebernicks had purchased UIM coverage in their primary automobile policy and that they were not alleging American Family failed to provide the proper notice under § 632.32(4m) with respect to that policy. Additionally, the court noted that the Rebernicks' umbrella policy states that it does not provide UIM coverage unless the policy is endorsed to provide such coverage. Thus, the court reasoned, the Rebernicks were aware of the availability of UIM coverage under their umbrella policy.

¶ 6.   The circuit court concluded that the purpose of the notice provisions in § 632.32(4m) was fulfilled and that the Rebernicks were not entitled to UIM coverage under their umbrella policy. It therefore granted American Family's motion, denied the Rebernicks' motion, and dismissed the Rebernicks' claim against American Family.

---

coverage written notice of the availability of underinsured motorist coverage, including a brief description of the coverage. An insurer is required to provide the notice required under this subdivision only one time and in conjunction with the delivery of the policy.

2. An insurer under subd. 1. shall provide to one insured under each insurance policy described in subd. 1. that is in effect on October 1, 1995, that is written by the insurer and that does not include underinsured motorist coverage written notice of the availability of underinsured motorist coverage, including a brief description of the coverage. An insurer is required to provide the notice required under this subdivision only one time and in conjunction with the notice of the first renewal of each policy occurring after 120 days after October 1, 1995.

¶ 7. The Rebernicks appealed. In a split decision, the court of appeals affirmed the circuit court under a somewhat different rationale. The court of appeals majority and dissent agreed that § 632.32(4m) applied to the Rebernicks' umbrella policy under the plain language of § 632.32(1) and (4m), thereby requiring American Family to notify the Rebernicks of the availability of UIM coverage in their umbrella policy.[4] The majority of the court of appeals further determined that the Rebernicks were not entitled to reformation of the umbrella policy because they knew both (1) that their umbrella policy could give them UIM coverage via an endorsement to that policy and (2) what UIM coverage encompassed. The Rebernicks petitioned for review.

## II

¶ 8. The central issue before us is whether American Family was required to notify the Rebernicks of the availability of UIM coverage under their umbrella policy pursuant to § 632.32(4m). In order to address this issue, we must interpret and apply statutory provisions to undisputed facts. This issue presents a question of law subject to independent appellate review. *Phelps v. Physicians Ins. Co.,* 2005 WI 85, ¶ 25, 282 Wis. 2d 69, 698 N.W.2d 643.

¶ 9. We determine that American Family was required to notify the Rebernicks of the availability of

---

[4] Wisconsin Stat. § 632.32(1) provides, in pertinent part, as follows:

> Scope. Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle, whether the loss or damage is to property or to a person.

UIM coverage under their umbrella policy pursuant to § 632.32(4m). Our determination is based on the language of § 632.32. At the same time, it is supported by the history and purpose of § 632.32(4m), along with a provision in the administrative code.

¶ 10.   In addition, we determine that, given the circumstances of this case, American Family provided notice to the Rebernicks of the availability of UIM coverage under their umbrella policy. Thus, we need not address what remedy would be appropriate had American Family failed to notify the Rebernicks of the availability of UIM coverage.

### III

■

¶ 11.   The Rebernicks argue that § 632.32(4m), read together with the "scope clause" in § 632.32(1), makes clear that the notice provisions in § 632.32(4m) apply to their umbrella policy. In addressing their argument we begin, as we must, with the relevant statutory language.[5]

¶ 12.   Section 632.32(1) provides as follows:

> Scope. Except as otherwise provided, this section applies to every policy of insurance issued or delivered

---

[5] At oral argument, the Rebernicks emphasized that their argument is not that all insurers are required by § 632.32(4m) to write all umbrella policies with UIM coverage. Rather, their argument is that the legislature has mandated that insurers educate the public as to the availability of UIM coverage. Likewise, the Rebernicks explain that they are not arguing that § 632.32(4m) mandates coverage or limits "up to a certain amount." Rather, they argue:   "All it [§ 632.32(4m)] is, is a notice requirement." Accordingly, we do not address issues beyond the arguments advanced by the Rebernicks.

in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle . . . .

Thus, § 632.32(1) generally delineates the types of insurance policies to which § 632.32 applies. However, it also qualifies the scope of § 632.32's applicability "as otherwise provided."

¶ 13.   Section 632.32(4m), in turn, contains language describing the types of policies to which the UIM notice requirements apply. This language is different from the language generally delineating the types of policies to which § 632.32 applies. Specifically, § 632.32(4m) applies to an insurer writing polices that "insure with respect to a motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by a person arising out of the ownership, maintenance or use of a motor vehicle."

¶ 14.   In an opinion also released today, *Rocker v. USAA Casualty Insurance Co.*, 2006 WI 26, ¶ 37, 289 Wis. 2d 294, 711 N.W.2d 634, this court explained how the scope clause in § 632.32(1) works in relation to other subsections of § 632.32:

> According to Wis. Stat. § 632.32(1), "[e]xcept as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle . . . ." Hence, the broad scope of the entire section is dependent upon whether a policy includes motor vehicle coverage, but each subsection can include provisions which exempt certain coverages from the scope as defined in § 632.32(1). Therefore, in any particular case, it is improper to conclude that, because one subsection has been held to apply to a certain type of policy, all the

other subsections must be held to apply as well. Each subsection can provide its own exemptions under the statutory framework.

Thus, the court in *Rocker* determined, "[t]he language of § 632.32(1) unambiguously requires every insurance policy that provides motor vehicle liability coverage to meet the requirements of the other sections of the omnibus statute, unless otherwise provided." *Id.,* ¶ 46; *see also Heritage Mut. Ins. Co. v. Wilber,* 2001 WI App 247, ¶ 17, 248 Wis. 2d 111, 635 N.W.2d 631 (general liability policy fell within § 632.32(1)'s scope provision when it provided automobile liability coverage).⁶

¶ 15. The Rebernicks' umbrella policy includes automobile liability coverage. For example, the policy covers an insured's liability for an accident causing personal injury or property damage arising out of the use of a car the insured owns. Thus, there can be no real dispute that the Rebernicks' umbrella policy falls within the general scope of § 632.32(1). In other words, there can be no real dispute that the policy was "is-

---

⁶ The parties debate the import of *Jaderborg v. American Family Mutual Insurance Co.,* 2000 WI App 246, 239 Wis. 2d 533, 620 N.W.2d 468 (applying § 632.32(6)(b)1. and 2. to an umbrella policy). That case, however, is not determinative here. Likewise, other cases in which the court of appeals has applied subsections of § 632.32 other than (4m) to umbrella policies are not necessarily determinative. *See Dorbritz v. American Family Mut. Ins. Co.,* 2005 WI App 154, ¶ 14, 284 Wis. 2d 442, 702 N.W.2d 406; *Heritage Mut. Ins. Co. v. Wilber,* 2001 WI App 247, ¶ 17, 248 Wis. 2d 111, 635 N.W.2d 631. As this court explained in *Rocker v. USAA Casualty Insurance Co.,* 2006 WI 26, ¶ 37, 289 Wis. 2d 294, 711 N.W.2d 634, "in any particular case, it is improper to conclude that, because one subsection has been held to apply to a certain type of policy, all the other subsections must be held to apply as well."

sued ... against the insured's liability for loss or damage resulting from accident caused by any motor vehicle." Wis. Stat. § 632.32(1).

¶ 16. Consistent with *Rocker*, however, we must also examine the language in § 632.32(4m), asking whether that subsection of the statute includes any provisions that would exempt the Rebernicks' umbrella policy from the scope of § 632.32 as defined in § 632.32(1). We therefore return to the language of § 632.32(4m), which we read to confine that subsection's applicability to policies that "insure with respect to a motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death arising out of the ownership, maintenance or use of a motor vehicle."

¶ 17. The Rebernicks' umbrella policy insures "against loss resulting from liability imposed by law for bodily injury or death arising out of the ownership, maintenance or use of a motor vehicle." American Family asserts, however, that § 632.32(4m) does not apply to the Rebernicks' umbrella policy because of the first part of the excerpted language. It focuses on the phrase "with respect to *a* motor vehicle registered or principally garaged in this state." (Emphasis added.) American Family construes this language to mean that § 632.32(4m) applies only to policies that insure with respect to a particular motor vehicle. According to American Family, the Rebernicks' umbrella policy, unlike a primary automobile insurance policy, does not insure with respect to a particular motor vehicle.

¶ 18. We are not persuaded that such a construction of § 632.32(4m) carries the day for American Family. The statute does not say, as American Family's argument suggests, that the policy must insure "with respect to a *particular* motor vehicle *named or de-*

*scribed in the umbrella policy. . . .*" Rather, the statute simply says that the policy must insure "with respect to a motor vehicle registered or principally garaged in this state . . . ."

¶ 19. Even assuming, however, that American Family's interpretation is correct, the Rebernicks' umbrella policy does insure with respect to a particular motor vehicle. Their umbrella policy, like any "true" umbrella policy, requires underlying primary insurance.[7] In the center of the declaration page of the umbrella policy appears a heading in bold capital letters: "**SCHEDULE OF UNDERLYING INSURANCE.**" Immediately below that heading, the umbrella policy declaration page references the underlying primary "Car Liability Insurance" policy, together with the underlying insurance policy limits. The declaration page is specifically made part of the umbrella policy.

¶ 20. The terms of the policy require, as a condition of insurance, that there be underlying automobile insurance coverage in a specified amount. The underlying primary automobile policy, in turn, refers to a particular motor vehicle. Thus, the Rebernicks' umbrella policy insures "with respect" to a particular motor vehicle that is named or described in the policy by incorporation of the underlying policy.

¶ 21. Our reading of the statute is thus consistent with the court of appeals' interpretation of the statute. Both the majority and dissent of the court of appeals agreed that American Family was required to provide the Rebernicks with notice of the availability of UIM

---

[7] *Treder v. LST, Ltd. P'ship,* 2004 WI App 75, ¶ 14, 271 Wis. 2d 771, 679 N.W.2d 555, *review denied,* 2004 WI 114, 273 Wis. 2d 656, 684 N.W.2d 137; *Oelhafen v. Tower Ins. Co.,* 171 Wis. 2d 532, 537–38, 492 N.W.2d 321 (Ct. App. 1992).

coverage under their umbrella policy pursuant to the plain language of § 632.32(1) and (4m).

¶ 22.  Also consistent with our reading, at least one commentator has criticized the interpretation advanced by American Family and accepted by another court. The gist of the criticism is that this interpretation ignores the reality that an umbrella policy typically requires an underlying primary policy:

> [O]ne judicial decision, sustaining the view that an insurer providing excess coverage is not subject to the statutory requirement, reasoned that "umbrella policies insure the policy holder in general, rather than a particular automobile within the state" and, therefore, "umbrella insurance policies are not issued 'with respect to a motor vehicle registered or principally garaged in this commonwealth. . . .' " However, this observation seems to ignore the fact that the coverage provided by excess (including umbrella) insurance is generally conditioned on the existence of one or more primary coverages. Typically, for example, an insurer providing a layer of excess liability insurance—which applies to liability arising from the operation of a motor vehicle—will require the insured to have a specified amount of primary motor vehicle liability insurance coverage.

Alan I. Widiss & Jeffrey E. Thomas, 3 *Uninsured and Underinsured Motorist Insurance,* § 32.5, at 25 (3d ed. 2005) (footnote omitted; *quoting Stoumen v. Public Serv. Mut. Ins. Co.,* 834 F. Supp. 140, 143 (E.D. Pa. 1993)).

¶ 23.  Thus, it is something of a fiction to suggest that an umbrella policy does not insure with respect to a particular motor vehicle when the policy requires underlying insurance that does. Accordingly, we determine that pursuant to § 632.32(4m), American Family was required to notify the Rebernicks of the availability of UIM coverage under their umbrella policy.

¶ 24.   The sparse legislative history of § 632.32(4m) does not suggest otherwise. The 1995 bill that led to the adoption of subsection (4m) related to "stacking of motor vehicle insurance coverage and drive–other–car exclusions under motor vehicle policies." 1995 S.B. 6, Legislative Reference Bureau drafting file; *see also* 1995 Wis. Act 21. Subsection (4m), however, was added in an Assembly substitute amendment offered by the Committee on Insurance, Securities and Corporate Policy. *Id.* Nothing in the legislative drafting file suggests that the legislature intended that all umbrella policies be exempt from the notice requirements under subsection (4m). The final version of the act states that its purpose, in relevant part, relates simply to "notification of the availability of underinsured motorist coverage." 1995 Wis. Act 21.

¶ 25.   From both the language of the statute and the sparse legislative history, it is thus evident that a central purpose of § 632.32(4m) is to ensure that all insureds know of the availability of UIM coverage. Put another way, the legislature has determined that where UIM coverage is available, insureds should know about it. The interpretation of § 632.32(4m) to require that American Family notify the Rebernicks of the availability of UIM coverage under their umbrella policy comports with this purpose.

¶ 26.   We note that in some states, the legislature has expressly exempted umbrella policies from uninsured or underinsured motorist statutes. *See, e.g.,* Cal. Ins. Code § 11580.2(a) (2006); Kan. Stat. Ann. § 40–284(a) and (b) (2004); *see also* Lisa K. Gregory, *"Excess" or "umbrella" Insurance Policy As Providing Coverage for Accidents with Uninsured or Underinsured Motorists,* 2 A.L.R.5th 922, § 3 (1992). Our legislature, in contrast, has not.

¶ 27.  In 1987, the Office of the Commissioner of Insurance promulgated a regulation specifically exempting umbrella policies from the requirements of § 632.32(4), the statutory provision that mandates *un*insured motorist coverage. *See* Wis. Admin. Code § Ins 6.77; Wis. Admin. Register, May 15, 1987, No. 377. In the more than 10 years that have passed since the legislature amended § 632.32 to include subsection (4m), however, the Commissioner has not promulgated a rule exempting umbrella policies from the requirements of (4m), the statutory provision that mandates notice of the availability of UIM coverage. We view this as further support for our interpretation of § 632.32(4m), that American Family was required to provide notice to the Rebernicks of the availability of UIM coverage in their umbrella policy.[8]

¶ 28.  When the legislature enacted § 632.32(4m) in 1995, it chose to treat underinsured motorist coverage differently than it had treated uninsured motorist coverage. The legislature had directly mandated that all

[8] The language in § 632.32(4) describing the types of policies to which it applies is similar but not identical to the language in § 632.32(4m) describing the types of policies to which it applies. Section 632.32(4) applies to:

> Every policy of insurance subject to this section that insures with respect to any motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle . . . .

Section 632.32(4m), as stated above, applies to:

> polices that insure with respect to a motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by a person arising out of the ownership, maintenance or use of a motor vehicle . . . .

policies under § 632.32(4) must contain uninsured motorist coverage. However, under § 632.32(4m) the focus changed, and the legislature required "written notice of the availability of underinsured motorist coverage."

¶ 29.   At oral argument, counsel for American Family explained that the reason for buying an umbrella policy is that "you want to make sure that everything you worked for all your life is now protected." Counsel acknowledged that American Family had available underinsured motorist coverage as part of an endorsement to its umbrella policies. Yet, how would conscientious consumers know of its existence?

¶ 30.   The legislature enacted § 632.32(4m) to aid consumers in making responsible and informed decisions about the nature and amount of insurance coverage they may need. Requiring insurers to provide to their insureds notice of the availability of underinsured motorist coverage is not an onerous task. After all, as counsel for American Family noted:   "American Family is in the business of selling insurance. We want to sell these policies to those who want them." Giving the notice of availability, as § 632.32(4m) requires, will benefit both the insurer and the insured.

¶ 31.   We turn now to the question of whether, given the circumstances presented here, American Family notified the Rebernicks of the availability of UIM coverage under their umbrella policy pursuant to the statute. The Rebernicks assert that American Family failed to provide the required notice. Additionally, the Rebernicks assert that the remedy for American Family's failure to provide such notice is that the umbrella policy be reformed. What they mean by this assertion is that they should be given the opportunity to retroactively purchase UIM coverage under their umbrella policy.

¶ 32. Again, the notice requirements in § 632.32(4m) read as follows:

> *An insurer* writing policies [to which these notice requirements apply] . . . *shall provide* to one insured under each such insurance policy that goes into effect after October 1, 1995, that is written by the insurer and that does not include underinsured motorist coverage *written notice of the availability of underinsured motorist coverage, including a brief description of the coverage. An insurer is required to provide the notice required under this subdivision only one time and in conjunction with the delivery of the policy.*

Wis. Stat. § 632.32(4m)(a)1. (emphasis added). Thus, if a policy under § 632.32(4m) does not already include UIM coverage, "an insurer" writing such policies must "provide to one insured" under the policy "written notice" of the "availability" of UIM coverage, including a "brief description" of such coverage. *Id.* At the same time, however, "an insurer" is required to provide the notice for each such policy "only one time and in conjunction with the delivery of the policy." *Id.*

¶ 33. The facts here reveal that the Rebernicks were apparently aware of the availability of UIM coverage before receiving any required notice because they had requested such coverage in their underlying primary automobile policy before receipt of such notice. Their underlying primary automobile policy was issued with $100,000 in UIM coverage. American Family issued that policy on April 29, 2001.

¶ 34. There is no dispute that American Family provided the Rebernicks with the required notice under § 632.32(4m) for their primary automobile policy. This notice reads as follows:

339

## SPECIAL NOTICE TO POLICYHOLDERS

This special notice is being given in accordance with Wisconsin law to advise you of the availability of Underinsured Motorist (UIM) coverage. If you do not presently carry UIM coverage, this message is especially important to you.

Underinsured Motorist coverage provides payment for legally collectible damages for bodily injury or death if you or any person riding in your vehicle is injured or killed in an accident with a vehicle whose driver has insurance coverage that is less than the limit of your underinsured motorist coverage.

Please see the actual policy for exact terms and conditions.

Contact your American Family agent if you have questions about this coverage.

Accordingly, on April 29, 2001, American Family had advised the Rebernicks of the availability of UIM coverage and had provided them with a basic description of the nature of such coverage. The terms of the notice do not limit its application to only primary or underlying policies.

¶ 35. American Family issued the Rebernicks' umbrella policy approximately one week later, on May 7, 2001. Thus, a very short period of time had elapsed since the Rebernicks were advised of the availability of UIM coverage by the same insurance company that subsequently issued their umbrella policy.

¶ 36. In addition, the umbrella policy contained the following exclusion: "**Uninsured/Underinsured Motorists. We** will not cover any claims which may be made under Uninsured Motorists Coverage, Underinsured Motorists Coverage or similar coverage, unless

this policy is endorsed to provide such coverage." As the circuit court and court of appeals recognized, this clause in the umbrella policy also alerted the Rebernicks that UIM coverage was available under that policy by way of an endorsement. This clause alone would not be enough to constitute notice of the availability of UIM coverage in an umbrella policy pursuant to § 632.32(4m) because it does not contain the statutorily required "brief description of the coverage." This case, however, involves more than just such a clause.

¶ 37. Considering all of these circumstances in combination, we determine that American Family notified the Rebernicks of the availability of UIM coverage under their umbrella policy. Thus, we need not determine what remedy would be appropriate if American Family had failed to notify the Rebernicks.

¶ 38. We caution, however, that the only way for insurance companies to be certain that they have provided proper notice pursuant to § 632.32(4m) is to separately provide in each policy for which notice is required the type of notice American Family provided to the Rebernicks in their primary automobile policy.[9] Absent the provision of such notice (or notices, as the situation may be), insurers will have no guarantee in future cases presenting different facts that they have properly notified insureds of the availability of UIM coverage pursuant to § 632.32(4m).[10]

---

[9] By this, we do not suggest that the court is giving its imprimatur to every word used by American Family in the notice or that American Family's phrasing is the only permissible phrasing for such notices under § 632.32(4m).

[10] We note that this case deals with § 632.32(4m)(a)1., pertaining to policies, like those here, that went into effect after October 1, 1995.

IV

¶ 39.   In sum, we determine that American Family was required to notify the Rebernicks of the availability of UIM coverage under their umbrella policy pursuant to § 632.32(4m). However, we also determine that, given the particular circumstances of this case, American Family notified the Rebernicks of the availability of UIM coverage under that policy. Thus, we need not address what remedy would be appropriate had American Family failed to notify the Rebernicks of the availability of UIM coverage under their umbrella policy. We affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 40.   LOUIS B. BUTLER, JR., J.   (*dissenting*). The majority concludes that American Family was required to notify the Rebernicks of the availability of Underinsured Motorists (UIM) coverage under their umbrella policy pursuant to Wis. Stat. § 632.32(4m). Majority op., ¶ 2. I agree with this conclusion and join that portion of the opinion.

¶ 41.   However, I disagree with the majority's determination that American Family provided the required notice. *Id.* I conclude that American Family failed to meet the explicit statutory notice requirements established under Wis. Stat. § 632.32(4m). Because the proper remedy, if any, for American Family's failure to provide the notice cannot be determined based on the present record, I would reverse the court of appeals and remand this matter to the circuit court for further proceedings. I therefore respectfully dissent.

I

¶ 42.   The majority's summary of the facts accurately reflects the record in this case. Majority op.,

342

¶¶ 3–7. In short, the Rebernicks had separately purchased a primary automobile insurance policy and a $1 million umbrella policy through American Family Insurance. The Rebernicks had purchased UIM coverage for their primary automobile insurance policy, but the terms of an exclusion in their umbrella policy purchased one week later indicated that American Family "will not cover any claims" made under Underinsured Motorists Coverage "unless this policy is endorsed to provide" UIM coverage. The Rebernicks assert that they are entitled to retroactively purchase UIM coverage under their umbrella policy because American Family had failed to provide them with notice of the availability or description of UIM coverage in the umbrella policy as required under Wis. Stat. § 632.32(4m).

II

¶ 43. Whether American Family adequately notified the Rebernicks of the availability of UIM coverage under their umbrella policy requires the application of Wis. Stat. § 632.32(4m) to undisputed facts. The interpretation and application of a statute to undisputed facts is ordinarily a question of law subject to independent appellate review. *Phelps v. Physicians Ins. Co.*, 2005 WI 85, ¶ 25, 282 Wis. 2d 69, 698 N.W.2d 643.

III

¶ 44. Whether an insurer is required to provide a separate written notice for each insurance policy under Wis. Stat. § 632.32(4m), including the umbrella policy at issue in this case, is a matter of statutory interpretation. I agree with and, for purposes of this dissent, adopt the majority's legal analysis regarding the proper interpretation of what is required under the statute. Majority op., ¶¶ 11–31. Under § 632.32(4m):

>An insurer writing policies [to which these notice requirements apply] ... *shall provide* to one insured under *each* such insurance policy that goes into effect after October 1, 1995, that is written by the insurer and that does not include underinsured motorist coverage *written notice of the availability of underinsured motorist coverage, including a brief description of the coverage.* An insurer is required to provide the notice required under this subdivision only one time and in conjunction with the delivery of the policy.

Wis. Stat. § 632.32(4m)(a)1.(emphasis added). If an insured's policy does not already include UIM coverage, the language of § 632.32(4m)(a)1. requires that an insurer provide an insured with written notice, that the notice inform the insured that UIM coverage is available and include a brief description of the available coverage, and that the notice be provided when the policy is delivered to the insured. The statutory language also makes plain that an insurer must provide the notice for *each* policy to which the statute applies.

¶ 45. It is undisputed that when the Rebernicks were issued their underlying auto policy on April 29, 2001, American Family provided the Rebernicks with the required notice for that policy. That notice informed the Rebernicks of the availability of UIM coverage:

### SPECIAL NOTICE TO POLICYHOLDERS

This special notice is being given in accordance with Wisconsin law to advise you of the availability of Underinsured Motorist (UIM) coverage. If you do not presently carry UIM coverage, this message is especially important to you.

Underinsured Motorist coverage provides payment for legally collectible damages for bodily injury or death if you or any person riding in your vehicle is injured or killed in an accident with a vehicle whose driver has

344

insurance coverage that is less than the limit of your underinsured motorist coverage.

Please see the actual policy for exact terms and conditions.

Contact your American Family agent if you have questions about this coverage.

¶ 46. However, when American Family issued the Rebernicks' umbrella policy on May 7, 2001, approximately one week after the Rebernicks obtained their primary automobile policy, American Family failed to include any "written notice" of the availability of UIM coverage, "in conjunction with the delivery of the [umbrella] policy," as required by Wis. Stat. § 632.32(4m)(a)1. Additionally, American Family provided no description of UIM coverage with the umbrella policy.

¶ 47. The majority reasons that only a short period of time had passed since the Rebernicks had received the required written notice for their separate but related underlying policy, and therefore the Rebernicks were aware of the nature of UIM coverage available under an American Family policy. Majority op., ¶ 36.

¶ 48. In addition, the umbrella policy itself contained an exclusion provision, which notified the insured that UM/UIM coverage was not included unless "this" policy was endorsed to provide such coverage. According to the majority, the exclusion provision contained in the umbrella policy alerted the Rebernicks that UIM coverage was available under the umbrella policy. Majority op., ¶ 37.

¶ 49. Although the majority concedes that the exclusion provision alone would not constitute notice, it concludes that, in view of all the facts, American Family substantially complied with the written notice requirement. Majority op., ¶ 38. The majority has essentially determined that American Family's compliance with the

345

notice requirements of Wis. Stat. § 632.32(4m) was good enough with respect to the Rebernicks' umbrella policy. *Id.*

¶ 50.    I disagree. This is not horseshoes, and close is not good enough. The majority disregards the plain language of the statute. American Family failed to notify the Rebernicks of the availability or description of UIM coverage under their umbrella policy pursuant to the explicit requirements of Wis. Stat. § 632.32(4m). Consequently, I agree with the court of appeals' dissent that American Family failed to meet the notice requirements for the Rebernicks' umbrella policy.

¶ 51.    American Family did not provide the Rebernicks with a written description of UIM coverage "in conjunction with the delivery" of their umbrella policy, as Wis. Stat. § 632.32(4m)(a)1. requires. Thus, American Family did not provide the required "written notice," which must include a "brief description of [UIM] coverage." The statute requires that the notice be provided "under *each* such . . . policy." (Emphasis added.) The fact that the Rebernicks may have been generally aware of the nature of UIM coverage based on a previous notice is insufficient under the plain language of the statute.

¶ 52.    In addition, the notice of exclusion in the Rebernicks' umbrella policy cannot constitute sufficient "written notice" of the "availability" of UIM coverage. The exclusion merely indicates that UIM claims will not be covered unless "this" policy is endorsed to provide such coverage.[1] The exclusion does not indicate that separate UIM coverage is available, nor does it describe the additional UIM coverage that is available. This

---

[1] American Family asserts that the language of exclusion 21 of the umbrella policy puts the insured on notice that excess UM/UIM coverage can be purchased. The actual language of the exclusion provides:

notice of exclusion does not satisfy the notice requirements under Wis. Stat. § 632.32(4m)(a)1.

¶ 53.   Moreover, under the facts here, a reasonable insured may have been confused as to just what the exclusion really meant. On the one hand, a reasonable insured may have been led to believe that UIM coverage was *not* available under the umbrella policy, despite the exclusion. A reasonable insured might infer that such coverage was not available under the policy because the insurance company did not provide the same separate "SPECIAL NOTICE TO POLICYHOLDERS" of the availability of UIM coverage that it provided with the underlying automobile policy. Stated another way, a reasonable insured might believe that the absence of the "special notice" with the umbrella policy indicated that UIM coverage was *not* available under that policy.

¶ 54.   On the other hand, a reasonable insured may have been led to believe that UIM coverage was already provided under the policy precisely because of the "SPECIAL NOTICE TO POLICYHOLDERS" of the availability of UIM coverage that was provided with the underlying automobile policy. After being given notice of the existence of UIM coverage, the policyholders (Rebernicks) elected to have such coverage. Since the insurance company provided no new "SPECIAL NOTICE," a reasonable insured may have concluded that the purchase of UIM coverage made one week earlier was sufficient for purposes of electing UIM coverage in the umbrella policy.

¶ 55.   I agree with the majority that the best way for insurance companies to be certain that they have

We will not cover any claims which may be made under Uninsured Motorists Coverage, Underinsured Motorists Coverage or similar coverage, unless this policy is endorsed to provide such coverage.

provided proper notice pursuant to Wis. Stat. § 632.32(4m) is to comply with the words of the statute. Majority op., ¶ 39. In fact, I assert an insurer is required to comply with the words of the statute. An insurer must separately provide written notice of both the availability of, as well as a description of, the available UIM coverage with each policy the insurer issues to an insured. Neither was done here.

¶ 56. The question becomes what is the proper remedy for American Family's failure to provide the required notice for the Rebernicks' umbrella policy. As the majority notes, the Rebernicks assert that the remedy is that the umbrella policy be reformed, meaning they should be given the opportunity to retroactively purchase UIM coverage under their umbrella policy. Majority op., ¶ 32.

¶ 57. Under Wis. Stat. § 631.15(3m), an insurance policy "that violates a statute or rule is enforceable against the insurer as if it conformed to the statute or rule." Thus, § 631.15(3m) provides, in effect, for reformation of an insurance policy that violates a statute. Yet, application of the statutory language to the facts here does not result in a straightforward answer to the question of what remedy, if any, is appropriate.

¶ 58. If American Family had complied with Wis. Stat. § 632.32(4m) in the issuance of the umbrella policy, the Rebernicks would have received the proper written notice in conjunction with their umbrella policy. However, § 632.15(3m) cannot answer the question of whether, had American Family provided the notice, the Rebernicks would have purchased UIM coverage in their umbrella policy.

¶ 59. Likewise, even assuming that they would have purchased such coverage, we cannot be certain on this record of whether (or to what extent) the coverage

would have applied. American Family argues that even if the policy is reformed, a remand is necessary to determine if any additional exclusions or reducing clauses would apply here. It asserts in its brief:

> It is undisputed that Mr. Rebernick was acting within the scope of his employment at the time of his accident. American Family's UIM endorsement contains a reducing clause which allows American Family to reduce the limit of its UIM coverage by the amount of any worker's compensation payments that have been made.

¶ 60. In short, the remedy question in this case involves factual issues that cannot be resolved based on the current record.

¶ 61. Unlike other cases where reformation of the policy under Wis. Stat. § 632.15(3m) may resolve the matter, reformation in this case would only be the beginning. In other cases, the applicability or validity of an exclusion, reducing clause, "other insurance" clause, or other policy provision may become readily apparent on the existing record. *See, e.g., Progressive N. Ins. Co. v. Hall,* 2006 WI 13 ¶¶ 7–8, 288 Wis.2d 282, 709 N.W.2d 46 (applying § 632.15(3m) to determine that the invalidity of an "other insurance" clause under § 632.32(3)(a) controlled which of two insurance companies paid the first $100,000 in coverage).

¶ 62. In this case, however, we are not presented with a policy that is easily "conformed to the statute or rule," Wis. Stat. § 632.15(3m), in a manner that readily dictates the ultimate remedy. Rather, we are dealing only with notice of the availability of UIM coverage. Lack of such notice will not always translate into payment of insurance proceeds.

¶ 63.  Accordingly, I would remand for further proceedings for the circuit court to determine what, if any, remedy is appropriate.

## IV

¶ 64.  Because American Family failed to meet the explicit statutory requirements under Wis. Stat. § 632.32(4m), I conclude that American Family did not provide the Rebernicks with the required notice in the issuance of the umbrella policy. In addition, because the proper remedy, if any, for American Family's failure to provide the notice cannot be determined based on the present record, I would reverse the court of appeals and remand to the circuit court for further proceedings consistent with this opinion. I therefore respectfully dissent.

¶ 65.  I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON joins this dissenting opinion.