G. Vaughn STONE and Christine Stone,
Plaintiffs-Respondents,

HUMANA WISCONSIN HEALTH ORGANIZATION INSURANCE
CORPORATION, Involuntary-Plaintiff-Respondent,

v.

ACUITY, A MUTUAL INSURANCE COMPANY,
Defendant-Appellant.†

Court of Appeals

*No. 2005AP1629. Submitted on briefs August 2, 2006.
—Decided August 15, 2006.*

**2006 WI App 205**

(Also reported in 723 N.W.2d 766.)

† Petition to review granted 1/11/07.

240

241

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Arthur P. Simpson* of *Simpson & Deardorff, S.C.,* of Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Thomas J. Lonzo* of *Cook & Franke, S.C.,* of Milwaukee.

Before Fine, Curley and Kessler, JJ.

¶ 1. FINE, J.   Acuity, A Mutual Insurance Company, appeals the trial court's:   (1) orders denying its motion for summary judgment and motion for reconsideration of that denial, and (2) final order awarding G. Vaughn Stone and Christine Stone $500,000 of umbrella underinsured-motorists coverage.[1] The issue presented by this appeal is whether the Stones should be deemed to have that underinsured-motorists coverage even though they did not purchase it. We answer that question "yes," and affirm.

## I.

¶ 2.   G. Vaughn Stone was riding his bicycle when he was hit by a van driven by Alyce Lange. The Stones had underinsured-motorists coverage with Acuity and claimed that they were also entitled to underinsured-motorists coverage under the policy's umbrella endorsement. They settled with Lange and her insurance

---

[1] The Honorable Mel Flanagan denied Acuity's motion for summary judgment. The Honorable Christopher R. Foley denied Acuity's motion for reconsideration and entered the final order from which Acuity appeals.

company, and brought this action seeking more money under the Acuity policy's umbrella endorsement. The trial court ruled that the Stones had umbrella underinsured-motorists coverage because the umbrella endorsement was ambiguous so that a reasonable insured would be "left with the impression" that the umbrella endorsement provided underinsured-motorists coverage even though the umbrella endorsement did not, *in haec verba*, provide that coverage. *See Smith v. Atlantic Mut. Ins. Co.*, 155 Wis. 2d 808, 811, 456 N.W.2d 597, 598 (1990) ("Ambiguities in coverage are to be construed in favor of coverage.").[2] We do not, however, venture into the "ambiguity" thicket because, as we explain below and as argued by the Stones in the trial court and in this court, Acuity did not comply with WIS. STAT. § 632.32(4m). *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the "narrowest possible ground").

¶ 3.  The Stones first bought the policy that is the subject of this appeal in 1993, and it was renewed through the date of G. Vaughn Stone's accident in 2003. The underlying insurance gave the Stones

---

[2] The trial court held that the endorsement was ambiguous because it indicated that it was "excess over *all* primary insurance and all other recoverable insurance . . . available to an insured" (which included underinsured-motorists coverage provided by the underlying coverage) even though the endorsement's grant of coverage merely promised to "pay sums in excess of the primary limit that an insured is legally obligated to pay as damages because of personal injury or property damage caused by an occurrence to which this insurance applies" (that is, the Stones' liability to others). (Bolding and immaterial parenthetical omitted; emphasis added.)

underinsured-motorists coverage of $300,000. The umbrella endorsement to the policy, however, did not include underinsured-motorists coverage because Acuity did not offer umbrella underinsured-motorists coverage until 1999. It is not disputed that neither Acuity nor the Stones' insurance agent ever told the Stones when Acuity began to offer umbrella underinsured-motorists coverage.

## II.

¶ 4.   This appeal requires us to apply WIS. STAT. § 632.32(4m).[3] Our review is thus *de novo. See Dorbritz v. American Family Mut. Ins. Co.*, 2005 WI App 154, ¶ 13, 284 Wis. 2d 442, 451, 702 N.W.2d 406, 410.

■

¶ 5.   WISCONSIN STAT. § 632.32(4m) provides, as material to this appeal:

> (a) 1. An insurer writing policies that insure with respect to a motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by a person arising out of the ownership, maintenance or use of a motor vehicle shall provide to one insured under each such insurance policy that goes into effect after October 1, 1995, that is written by the insurer and that does not include underinsured motorist coverage written notice of the availability of underinsured motorist coverage, including a brief description of the coverage. An insurer is required to provide the notice required under this subdivision only one time and in conjunction with the delivery of the policy.

[3] As noted, we are not assessing the trial court's determination that the Acuity umbrella endorsement was ambiguous, and its denial on that ground of Acuity's motion for summary judgment.

2. An insurer under subd. 1. shall provide to one insured under each insurance policy described in subd. 1. that is in effect on October 1, 1995, that is written by the insurer and that does not include underinsured motorist coverage written notice of the availability of underinsured motorist coverage, including a brief description of the coverage. An insurer is required to provide the notice required under this subdivision only one time and in conjunction with the notice of the first renewal of each policy occurring after 120 days after October 1, 1995.

Section 632.32(4m) applies to umbrella policies. *See Rebernick v. Wausau Gen. Ins. Co.*, 2006 WI 27, ¶¶ 2, 25–30, 289 Wis. 2d 324, 326–327, 336–338, 711 N.W.2d 621, 622, 627–628. As noted, Acuity did not comply with this requirement in connection with the Stones' umbrella endorsement, and the company does not argue otherwise, even though § 632.32(4m) applies to umbrella policies. Although Acuity's briefs on this appeal contend in passing, undeveloped arguments that § 632.32 applies to umbrella coverage *only* when that coverage is provided by a *separate* policy, and not, as here, by an endorsement to an integrated policy, given that the "central purpose of § 632.32(4m) is to ensure that all insureds know of the availability of [underinsured-motorists] coverage," *Rebernick*, 2006 WI 27, ¶ 25, 289 Wis. 2d at 336, 711 N.W.2d at 627, Acuity's separate-policy contention seeks to interpose a *de minimis* distinction wholly immaterial to the legislature's intent that, as expressed by *Rebernick*, where underinsured-motorists coverage "is available, insureds should know about it," *ibid*.

¶ 6.　There is no evidence in this Record that, unlike the situation in *Rebernick*, the Stones knew that they could have purchased underinsured-motorists *um-*

245

*brella* coverage from Acuity even though they had, as we have seen, underlying underinsured-motorists coverage. *See id.*, 2006 WI 27, ¶¶ 5–6, 289 Wis. 2d at 328, 711 N.W.2d at 623.[4] Thus, Acuity violated WIS. STAT. § 632.32(4m), and we turn to the proper remedy, an issue left open by *Rebernick. See id.*, 2006 WI 27, ¶ 39, 289 Wis. 2d at 342, 711 N.W.2d at 630.

■

¶ 7.    The parties agreed that Acuity would pay the Stones $500,000 "in the event [underinsured-motorists] insurance coverage is found on appeal to exist from" Acuity. In essence, the Stones contend that Acuity's failure to comply with WIS. STAT. § 632.32(4m) requires that their umbrella policy with Acuity be reformed to provide underinsured-motorists coverage. Under the facts of this case, we agree.

■

¶ 8.    As the concurrence/dissent in *Rebernick* noted, WIS. STAT. § 631.15(3m) provides that "[a] policy that violates a statute or rule is enforceable against the insurer as if it conformed to the statute or rule." *Rebernick*, 2006 WI 27, ¶ 57, 289 Wis. 2d at 348, 711 N.W.2d at 633 (Butler, J., dissenting from *Rebernick*'s affirmance of our decision in *Rebernick v. Wausau General Insurance Co.*, 2005 WI App 15, 278 Wis. 2d

---

[4] Thus, we reject Acuity's misleading contention that, as expressed in a footnote to its main brief on this appeal, "[i]t is somewhat disingenuous for an insured with $300,000 [underinsured-motorists] coverage to lament he [*sic*] did not know [underinsured-motorists] coverage was available." Although the Stones knew that Acuity offered primary underinsured-motorists coverage, and, indeed, purchased that insurance, there is nothing in this Record that even hints that they knew that as of 1999 Acuity was also offering umbrella underinsured-motorists coverage.

461, 692 N.W.2d 348, but agreeing that Wis. Stat. § 632.32(4m) applies to umbrella policies, *Rebernick*, 2006 WI 27, ¶¶ 40–41, 289 Wis. 2d at 342, 711 N.W.2d at 630). Further, § 631.15(4) provides: "Upon written request of the policyholder or an insured whose rights under the policy are continuing and not transitory, an insurer shall reform and reissue its written policy to comply with the requirements of the law existing at the date of issue or last renewal of the policy." We agree with Justice Louis B. Butler's concurrence/dissent in *Rebernick* that whether an insurance company's violation of § 632.32(4m) requires the company to provide retroactive underinsured-motorists coverage depends on whether the insureds would have purchased it if they had known about its availability. *See Rebernick*, 2006 WI 27, ¶ 58, 289 Wis. 2d at 348, 711 N.W.2d at 633.[5] Here, however, Acuity does not contend that the Stones would not have purchased umbrella underinsured-motorists coverage had they known that it was available; indeed, as we have seen, they purchased $300,000 of underinsured-motorists coverage of underlying insurance. Thus, although there might be cases where there is a genuine issue of fact as to whether an insured would have used the notice mandated by § 632.32(4m) to actually buy the underinsured-motorists coverage,

---

[5] As Justice Louis B. Butler also notes, there might be other non-resolved questions. *Rebernick v. Wausau Gen. Ins. Co.*, 2006 WI 27, ¶¶ 59–60, 289 Wis. 2d 324, 348–349, 711 N.W.2d 621, 633 (Butler, J., concurring in part; dissenting in part). Here, however, as we have seen, the parties agreed, and the trial court ordered, that Acuity would pay to the Stones $500,000 if they are entitled to umbrella underinsured-motorists coverage, and Acuity does not contend that there are any other impediments to the enforcement of their agreement and the trial court's order.

this is not one of them. Accordingly, the Stones are entitled to have their umbrella endorsement reformed to provide, upon their payment of an appropriate premium, umbrella underinsured-motorists coverage retroactive to 1999, when Acuity first offered that coverage and should have sent to the Stones the requisite § 632.32(4m) notice.

*By the Court.*—Orders affirmed.