TOUCHETT, Respondent, v. E Z PAINTR CORPORATION, Defendant: SUTHERLAND, Appellant.

*October 3—October 31, 1961.*

480

For the appellant there was a brief and oral argument by *A. D. Sutherland* of Fond du Lac, *in pro. per.*

For the respondent there was a brief and oral argument by *J. E. Richter* of Fond du Lac.

CURRIE, J.    The issue on this appeal is what is the reasonable value of the legal services rendered by Sutherland to Touchett.

Sutherland has practiced law at Fond du Lac since 1919, and has had a wide experience in trial, corporate, bankruptcy, and probate work. He also has done some legal work involving patents. During his years of practice he has appeared before this court on quite a number of occasions. The learned trial court, in its memorandum opinion, stated:

"The court was impressed with one fact in this proceeding and that is that Mr. Sutherland is a conscientious, experienced, able, and ethical lawyer; further, that he per-

formed many services under extremely difficult situations because of the lack of attention on the part of Mr. Touchett as to his obligations to Mr. Sutherland."

Touchett first consulted Sutherland on December 30, 1948, with respect to a written contract he had entered into with E Z Paintr on October 23, 1948. Many of the material provisions of such contract are set forth in *Touchett v. E Z Paintr Corp.* (1955), 268 Wis. 635, 68 N. W. (2d) 442. The report of this case also states the essential background facts which led to the consummation of this contract. At the time Touchett first consulted Sutherland, E Z Paintr was only paying Touchett minimum patent royalties of $250 per month under the contract and Touchett claimed that royalties greatly in excess thereof were due him. He also claimed other substantial breaches of the contract by E Z Paintr. The corporation had refused to permit Touchett to inspect its books and records for the purpose of determining the correct amount of royalty payments due him, a refusal which persisted after Sutherland took over as Touchett's attorney. Sutherland acted as senior counsel for Touchett from December 30, 1948, to November 30, 1953.

During this period, six separate suits were instituted by Touchett against E Z Paintr in circuit and county courts, and one in the United States district court for the Eastern district of Wisconsin. One of the suits in state court was also removed to the federal court. Touchett also sent Sutherland over to Michigan to observe a federal court trial of a suit in which the issue of the validity of Touchett's patents was litigated. Twice the state court litigation resulted in appeals to this court, *Touchett v. E Z Paintr Corp.* (1953), 263 Wis. 626, 58 N. W. (2d) 448, 59 N. W. (2d) 433, and *Touchett v. E Z Paintr Corp.* (1955), 268 Wis. 635, 68 N. W. (2d) 442, the second appeal having been taken after Jerold E. Murphy had been

substituted for Sutherland as Touchett's attorney. The financial importance of the legal work in which Sutherland engaged in behalf of Touchett is attested by the fact that during the time Sutherland acted as the latter's counsel Touchett collected $74,742.04 in payments from E Z Paintr and received an offer of settlement from such corporation to pay an additional sum slightly in excess of $270,000. This offer, as the trial court found, was refused by Touchett when he directed Sutherland to submit a counteroffer, whereby the corporation was to assign its trade as security. This the corporation refused to do.

Sutherland kept daily records of the time he spent in rendering legal services to Touchett. His time is summarized as follows:

| | | |
|---|---|---|
| In circuit and county courts | 23 1/3 | days |
| Before court commissioners | 6 1/2 | days |
| In supreme court | 3 | days |
| In United States courts | 2 1/2 | days |
| On other out-of-town business | 14 1/2 | days |
| Office work, 1,307 hours, or | 217 5/6 | days [1] |
| | 267 2/3 | days |

As expert witnesses to prove the value of his services, Sutherland called Kenneth M. McLeod, Allan L. Edgarton, John P. McGalloway, and William J. Nuss. All four of these men are prominent and experienced Fond du Lac attorneys who are well qualified by their own experience to voice a professional opinion with respect to the reasonable value of the legal services Sutherland rendered to Touchett.

---

[1] This breakdown into days is based upon a six-hour day. National surveys made among attorneys indicate that an attorney's average fee-earning day is only five to six hours. He spends the balance of his day reading mail and advance sheets; conferring with office personnel; and engaging in club, church, charities, and other public-service activities. June, 1956, Wisconsin Bar Bulletin, 33.

All grounded their opinions as to the value of such services on their own knowledge of customary legal services in the Fond du Lac community. None of the four testified that he took the factor of results attained into consideration, but each considered the fact that substantial amounts of money were involved in the litigation prosecuted in Touchett's behalf. The values placed by these four witnesses upon Sutherland's services were as follows:

| | |
|---|---:|
| McLeod | $29,200 |
| Edgarton | 29,000 |
| McGalloway | 29,500 |
| Nuss | 28,400 |

Edgarton and McGalloway gave no breakdown of how they computed their evaluations, but McLeod and Nuss did. McLeod valued office work at $100 per six-hour day, and all other work which took Sutherland out of his office at $150 per day. This court's computation of the total fee on this basis is $29,258.33. The breakdown employed by Nuss was to value office work and other work performed out of the office, except in the courtroom, at $100 per day; appearances in court other than before a court commissioner at $150 per day; and time spent before a court commissioner at $125 per day. This court's computation of the total fee on this basis is $28,120.83.

Jerold E. Murphy, presently county judge of Fond du Lac county, and the attorney who was substituted by Touchett for Sutherland, was the only expert witness who testified for Touchett. Murphy also, by his long experience at the Fond du Lac bar, was well qualified to express an expert opinion on the value of legal services performed in the Fond du Lac area. He valued Sutherland's services at $12,000. On cross-examination he stated that such figure took into consideration the fact that certain work performed and litigation prosecuted by Sutherland resulted in no benefit to Touchett.

The 1950 minimum-fee schedule of the Wisconsin Bar Association, as set forth in the 1950 Wisconsin Bar Bulletin, November Supplement (p. 3), lists the following suggested minimum fees:

For consultation and other miscellaneous
   work ........................ $10 per hour
For preparation in the supreme court
   and appearances in all other courts of
   record ........................ 75 per day
For appearances in supreme court.... 100 per day

The learned trial judge, in fixing the reasonable value of Sutherland's services at $18,728.33, used the following yardstick:

Appearances in supreme and federal
   courts and conducting out-of-town
   business ......................$150 per day
Appearances in county and circuit courts  75 per day
Appearances before court commission-
   ers ........................... 50 per day
Office work...................... 10 per hour

Considering the amount of money involved, we believe that the matters and litigations handled by Sutherland for Touchett were greater than the average law business in which an attorney of Sutherland's ability and experience, practicing in Fond du Lac and comparable communities, probably would have encountered during the period of 1948–1953, inclusive. However, for the purpose of testing the reasonableness of the fee fixed by the trial court, we will assume that the legal services performed by Sutherland for Touchett represented legal business of only average importance for the community and period in question. Lawyers of this state customarily maintain office hours five days per week. Allowing but two weeks off for vacation and holidays, this means that a Wisconsin lawyer would ordinarily

perform professional services a maximum of 250 days per year. As we have seen, the total time spent by Sutherland in performing legal services for Touchett was 267 2/3 days. While this is slightly in excess of 250 days, we will further assume that this 267 2/3 days is the equivalent of one year's work.

The trial court awarded $18,728.33 for such year of legal services rendered by Sutherland. In order to compute the net income derived therefrom, the amount of Sutherland's overhead in operating his law office must be deducted. In 1954, lawyers throughout the country in private practice expended an average of 38.6 per cent of their gross income on overhead expenditures.[2] If 38.6 per cent of $18,728.33, or $7,229.13, were deducted from $18,728.33, Sutherland would have realized a net of only $11,499.20 for his year of legal services performed for Touchett. This effectively demonstrates that the trial court's determination cannot be permitted to stand.

The trial court used the rate of $10 per hour suggested by the 1950 minimum-fee schedule of the Wisconsin Bar Association for general office work; a rate below that for appearances before court commissioners; and a rate but slightly above the suggested minimum for appearances in circuit and county courts. Much of the office work performed by Sutherland for Touchett was in preparation for trial of litigation for which the fee schedule listed a minimum fee of $75 per day. Apparently, the error of the trial court's determination was in failing to give any weight to the character and importance of the legal work performed and the fact that a lawyer of Sutherland's ability and long experience ordinarily is entitled to be compensated on a basis above that suggested in the minimum-fee schedule.

[2] Economics of Law Practice Series, Pamphlet Number One, "The 1958 Lawyer and his 1938 Dollar," prepared by the American Bar Association Special Committee on Economics of Law Practice.

The proper factors to be considered in placing a value on professional services performed by lawyers have been stated many times in court decisions, and are also set forth in Canon 12 of the Canons of Professional Ethics of the American Bar Association. One of the best statements of these factors we have come across is that appearing in *Estate of Huffman* (1944), 349 Pa. 59, 64, 36 Atl. (2d) 640:

" 'The things to be taken into consideration in determining the compensation to be recovered by an attorney are the amount and character of the services rendered, the labor, the time, and trouble involved, the character and importance of the litigation, the amount of money or value of the property affected, the professional skill and experience called for, and the standing of the attorney in his profession; to which may be added the general ability of the client to pay and the pecuniary benefit derived from the services.' "

See also *Continental Casualty Co. v. Pogorzelski* (1957), 275 Wis. 350, 354, 82 N. W. (2d) 183, and *Will of Willing* (1926), 190 Wis. 406, 413, 209 N. W. 602.

The general rule is that a trial court's findings of fact will not be disturbed on appeal unless contrary to the great weight and clear preponderance of the evidence. However, an exception to this rule exists with respect to determinations of the value of legal services. This is because the value of legal services is reviewed on appeal by judges who have expert knowledge as to the reasonable value of legal services. *Will of Gudde* (1951), 260 Wis. 79, 86, 49 N. W. (2d) 906.

We are satisfied that the reasonable value of the professional services at issue on this appeal lies within the range of $28,400 to $29,500 covered by the expert testimony of Attorneys McLeod, Edgarton, McGalloway, and Nuss. It is our considered judgment that $28,512.50 is the total reasonable value of the services rendered by Sutherland to Touchett. The breakdown of this determination is as follows:

| | |
|---|---:|
| 20 days in federal courts, the Wisconsin supreme court, and in performing other out-of-town business, at $150 per day.. | $3,000.00 |
| 29 5/6 days in circuit and county courts and before court commissioners, at $125 per day............................ | 3,729.17 |
| 217 5/6 days of office work, at $100 per day | 21,783.33 |
| Total ............................ | $28,512.50 |

In view of this determination, Sutherland is entitled to be paid out of the funds on deposit with the clerk the sum of $28,512.50, less $9,404.10 previously paid by Touchett, or $19,108.40, together with the earnings realized on the sum of $19,108.40 during the period it was on deposit with the clerk. Inasmuch as the record does not disclose the amount of such earnings, the judgment below will be reversed and the cause remanded to the trial court for entry of the proper judgment.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter a judgment consistent with this opinion.

FAIRCHILD, J., took no part.