Three & One Company, Plaintiff-Respondent-Cross-Appellant,

v.

Ronald F. Geilfuss, Jr., and Annette Pietsch, Defendants-Appellants-Cross-Respondents.

Court of Appeals

*No. 92–2651. Submitted on briefs May 18, 1993.—Decided July 21, 1993.*

(Also reported in 504 N.W.2d 393.)

401

On behalf of the defendants-appellants-cross-respondents, the cause was submitted on the briefs of *Thomas J. Kasen* of *Kasen and Patterson, S.C.* of Wauwatosa.

On behalf of the plaintiff-respondent-cross-appellant, the cause was submitted on the briefs of *Charles H. Barr* of *Chernov, Croen, Stern & Burbach, S.C.* of Milwaukee.

Before Brown, Anderson and Snyder, JJ.

ANDERSON, J. Roland F. Geilfuss, Jr. and Annette Pietsch (tenants) appeal from a judgment of the trial court awarding the Three and One Company (landlord) $1234 for rent not paid and $2083.61 for waste to the leased premises for a sum of $3317.61, which was doubled under sec. 844.19(2), Stats., to $6635.22. The tenants raise five issues on appeal: (1) whether the damage to the leased premises constituted waste, (2) what is the proper measure of damages for waste, (3) whether the trial court erred in assessing late payment charges for all late rent payments during the two-year tenancy, (4) whether the trial court erred in assessing double damages after finding the tenants had committed waste, and (5) whether the trial court erred in assessing $535 in attorney's fees in the absence of evidence as to the actual attorney's fees incurred.

Three and One cross-appeals the trial court's award to the tenants, under sec. 100.20(5), Stats., of double the security deposit of $1200 and attorney's fees

of $535 for Three and One's failure to comply with the requirements of Wis. Adm. Code secs. **Ag 134.06**(2) and **134.06**(4), regarding the return of the tenants' security deposit.[1] Three and One raises two issues on appeal: (1) whether the trial court erred in assessing depreciation against the cost of replacement in the measure of damages, and (2) whether the trial court erred in finding that Three and One withheld Geilfuss' security deposit in violation of Wis. Adm. Code sec. **Ag 134.06**(4).

We affirm in part and reverse in part. We hold that: (1) the trial court properly concluded that the tenants committed waste because the damages evinced unreasonable conduct, (2) the proper measure of damages is replacement cost without offset for depreciation because evidence on depreciable life was not offered, (3) late payment charges were properly assessed for all late rent payments during the two-year tenancy, and because the appellants did not raise the issue of equitable estoppel at trial they have waived their right to do so on appeal, (4) double damages are applicable to waste only and not to late rent, and (5) the trial court should have heard evidence as to the attorney's fees incurred by the tenants to effect the return of their security deposit.

FACTS

Geilfuss leased one unit of a residential duplex owned by Three and One from August 1, 1988 through July 31, 1990 pursuant to two consecutive one-year

[1] Wis. Adm. Code ch. **Ag 134** was renumbered ch. **ATCP 134** under sec. 13.93(2m)(b)1, Stats. Wisconsin Adm. Register, April 1993, No. 448.

leases. The premises were also occupied by Pietsch and her three children.

Pursuant to the first one-year lease, Geilfuss paid a $1200 security deposit, which was rolled over to the second one-year lease. Both leases provided "[t]hat the Lessee shall keep the said premises in as good repair as the same are in at the commencement of said term, reasonable use and wear thereof and damage by accidental fire or other accidents, not happening through the neglect of Lessee, only excepted." Pets were prohibited with the exception of a small dog. The leases further provided for an additional $50 charge in the event the rent was not paid by the first day of the month.

The tenants kept a cat and a rabbit at the leased premises in addition to the permitted dog. At the termination of the tenancy, carpeting throughout the premises was found to be permeated with cat urine and littered with animal feces. A strong urine odor persisted despite two professional cleanings. Ultimately the carpets and six square feet of urine-rotted subflooring had to be replaced. In addition, the rear storm door, a basement light fixture and two toilet seats required replacement and the upstairs hallway incurred minor damage.

The tenants paid the rent late fifteen times during their two-year tenancy, including July 1990, for which they failed to pay any rent. On only three occasions did they pay the $50 late charge.

The trial court held that the tenants committed waste to the unit by damaging the carpeting and subflooring, basement light fixture, rear storm door, two toilet seats and upstairs hallway. The trial court awarded replacement cost less depreciation for the carpeting ($2595 - $865 or $1730), and rear storm door

($160 - $64 or $96). The trial court awarded full cost for the basement light fixture ($19.95), two toilet seats ($29.90), carpet cleaning ($198.76) and upstairs hallway ($9). When the court doubled the damages for waste pursuant to sec. 844.19(2), Stats., it included damages for late and unpaid rent. With respect to rent payments, the trial court found that the tenants were liable for all unpaid late payment charges incurred during their two-year tenancy and unpaid rent, for a total of $1234.

Finally, the trial court awarded the tenants double their security deposit of $1200 and attorney's fees of $535 pursuant to sec. 100.20(5), Stats., for the landlord's failure to comply with Wis. Adm. Code sec. **Ag 134.06**(4), regarding withheld security deposits. The trial court offset these awards and found that the landlord was entitled to recover a net sum of $3700.32 plus attorney's fees, costs and disbursements permitted by sec. 100.20(5).

WASTE BY TENANTS

■

The first issue we address is whether or not the tenants committed waste. The existence of waste is a question of fact. *Pleasure Time, Inc. v. Kuss,* 78 Wis. 2d 373, 382, 254 N.W.2d 463, 468 (1977). Findings of fact in a trial to the court are affirmed unless clearly erroneous. Section 805.17(2), Stats.

■

Waste is defined as "the unreasonable conduct by the owner of a possessory estate that results in physical damage to the real estate and substantial diminution in the value of the estates in which others have an interest." *Pleasure Time,* 78 Wis. 2d at 381, 254 N.W.2d at 467. Whether a particular act is waste

408

depends on the circumstances. *Id.* Waste may be active (i.e., intentional or voluntary) or passive (the result of negligence or the failure to act). *See Prudential Ins. Co. v. Spencer's Kenosha Bowl, Inc.,* 137 Wis. 2d 313, 320–21, 404 N.W.2d 109, 113 (1987).

The tenants argue that they did not intentionally permit their pets to use the carpet for urination and defecation. However, unreasonable conduct, not intent, is the standard for waste. *See Pleasure Time,* 78 Wis. 2d at 381, 254 N.W.2d at 467. The urine-rotted subflooring indicates a habitual problem. The tenants, by allowing their pets to use the unit as a litter box, acted unreasonably. The tenants do not contest the finding of waste as to any of the other damages. Based on these facts, the trial court's finding that the tenants committed waste is not clearly erroneous; therefore, we affirm.

DAMAGES FOR WASTE

Next we turn to the proper measure of damages for waste. Section 704.07(3), Stats.,[2] requires the tenant to repair damage done to the premises or, failing that, to reimburse the landlord for the reasonable cost of repairs. Where an injury to property is easily repairable and the cost of restoration is readily ascertainable,

---

[2] Section 704.07(3), Stats., provides in relevant part:

DUTY OF TENANT. (a) If the premises are damaged by the negligence or improper use of the premises by the tenant, the tenant must repair the damage and restore the appearance of the premises by redecorating. However, the landlord may elect to undertake the repair or redecoration, and in such case the tenant must reimburse the landlord for the reasonable cost thereof; the cost to the landlord is presumed reasonable unless proved otherwise by the tenant.

the cost of repair is the preferred method of calculating damages. *Laska v. Steinpreis*, 69 Wis. 2d 307, 313, 231 N.W.2d 196, 200 (1975). However, if dissatisfied with the cost of repairs, the tenant may introduce evidence that diminution of value is the lesser, and therefore correct, measure of damages. *See id.* at 314, 231 N.W.2d at 200.

■

The tenants contend that damages should be based on the cost of the old carpet rather than the new carpet. We disagree. The proper measure of damages is the cost of replacement at the time the harm was caused, not when the original carpet was purchased. *See Zindell v. Central Mut. Ins. Co.*, 222 Wis. 575, 583, 269 N.W. 327, 330–31 (1936).

■

The landlord argues that the proper measure of damages for the carpeting and rear storm door is the full replacement cost because the tenants did not offer evidence regarding the depreciable lives of these assets. The determination of damages is within the discretion of the trial court. Whether the trial court applied a proper legal standard in determining damages is a question of law which we review *de novo. Jauquet Lumber Co. v. Kolbe & Kolbe Millwork Co.*, 164 Wis. 2d 689, 703, 476 N.W.2d 305, 310 (Ct. App. 1991). Findings of fact made by the trial court with regard to damages will not be upset by us unless clearly erroneous. *Id.* The tenants did not offer evidence on depreciable life, and we hold that such evidence is outside the field of general knowledge. In such cases the findings of the trial court must be based upon testimony of witnesses or other evidence made a part of the record. *See Will of Gudde*, 260 Wis. 79, 85, 49 N.W.2d 906, 909 (1951). Therefore, the trial court's *sua sponte*

410

reduction of the replacement cost of the carpeting and storm door for depreciation is clearly erroneous. We reverse the trial court and find the measure of damages to be the cost of the new carpeting ($2595) and storm door ($160) without offset for depreciation.

### FEES FOR LATE RENT PAYMENTS

The tenants contest the trial court's finding that they owed late rent payment charges. Over the course of their two-year tenancy, the tenants paid the rent late fifteen times, including July 1990 for which they failed to pay any rent. Of these fifteen instances, the tenants actually paid the additional $50 charge for late payment only three times.

The tenants argue that because the landlord did not demand payment of these late payment charges until after the tenants demanded their security deposit, the landlord is equitably estopped from demanding late payment fees. The tenants did not, however, raise the issue of equitable estoppel at trial. Generally, issues not raised or considered by the trial court will not be considered for the first time on appeal. *Wirth v. Ehly*, 93 Wis. 2d 433, 443, 287 N.W.2d 140, 145 (1980). Therefore, we affirm the trial court's decision to award $50 late payment charges for each instance where the rent was late and the tenants failed to pay the charge.[3]

---

[3] By our calculations, however, the tenants owe the landlord $1294 for late and unpaid rent, not $1234 as calculated by the trial court. The tenants failed to pay the additional $50 charge in September and November 1988, February, April, May, June and July 1989, and January, February, April, May, June and July 1990, for a total of thirteen times at $50 each or $650 total. In addition, the tenants failed to pay rent of $625 for

411

Damages for waste are addressed by sec. 844.19(2), Stats. Statutory interpretation is a question of law which we review *de novo. Central Nat'l Bank v. Dustin,* 107 Wis. 2d 614, 617, 321 N.W.2d 321, 322 (Ct. App. 1982). Where the plain meaning of a statute is unambiguous, the words of the statute must be given their obvious and intended meaning. *Clark v. Erdmann,* 161 Wis. 2d 428, 438, 468 N.W.2d 18, 22 (1991). If the injury constitutes waste, the court shall give judgment for double the damages found. Section 844.19(2). The plain meaning of sec. 844.19(2) is that double damages apply to waste only and not other amounts such as rent and late charges. Accordingly, we reverse the trial court's award of double damages for rent and late charges. We award double damages of $6175.22 for the $3087.61 incurred to restore the dwelling unit as itemized below.

July 1990 and the tenants' rent check for February 1990 was short $19. The $60 difference resulted from the trial court mistakenly crediting the tenants with: (1) payment of the $50 late payment charge in July 1989, and (2) a $10 payment in September 1989, which was actually to reimburse the landlord for a bank service charge incurred when the July 1989 rent check was returned because of insufficient funds. Therefore, the proper measure of money owed for late and unpaid rent should have been $1294. However, we affirm this part of the judgment as is since a computation error was not raised here.

Three and One also asks for interest on past due rent. Because this issue was not raised at trial we decline to address it now. *See Wirth v. Ehly,* 93 Wis. 2d 433, 443, 287 N.W.2d 140, 145 (1980).

412

| | |
|---|---|
| Replacement of carpeting | 2595.00 |
| Repair subflooring | 75.00[4] |
| Replacement of light fixture | 19.95 |
| Replacement of rear storm door | 160.00 |
| Replacement of two toilet seats | 29.90 |
| Damage to upstairs hallway | 9.00 |
| Carpet cleaning | 198.76 |
| Subtotal | 3087.61 |
| Section 844.19(2), Stats. | ×2 |
| Total for Waste Damages | $6175.22 |

## Return of Security Deposit

Whether the tenants are entitled to return of an amount equal to double their security deposit requires the interpretation of sec. 100.20(5), Stats., and Wis. Adm. Code sec. **Ag 134.06**(4). The interpretation of statutes and administrative rules or regulations are questions of law which we review *de novo*. *Moonlight v. Boyce*, 125 Wis. 2d 298, 303, 372 N.W.2d 479, 483 (Ct. App. 1985).

A tenant is entitled to recover double the amount of the security deposit plus reasonable attorney's fees under sec. 100.20(5), Stats., for a landlord's failure to comply with Wis. Adm. Code sec. **Ag 134.06**(4). If a landlord intends to withhold all or part of a security deposit, Wis. Adm. Code sec. **Ag 134.06**(4) requires a landlord to provide the tenant with a written list of itemized deductions within twenty-one days after the tenant vacates the premises.

---

[4] The trial court's opinion noted testimony that the landlord incurred an expenditure of $75 to repair urine-rotted subflooring, but this was not included in the damages awarded.

In the instant case the landlord withheld the tenants' entire $1200 security deposit but did not provide the requisite written list of deductions until twenty-seven days after the tenants quit the premises. This conduct clearly violates the mandate of Wis. Adm. Code sec. **Ag 134.06**(4). The landlord argues that because the tenants instructed it to deduct late payment charges and the July 1990 rent from the security deposit, and because these deductions exceeded the security deposit, there was no security deposit to return. However, sec. 100.20(5), Stats., (and consequently Wis. Adm. Code sec. **Ag 134.06**(4)) is applicable "regardless of the amount of damages the landlord may recover on a counterclaim." *Moonlight*, 125 Wis. 2d at 305–06, 372 N.W.2d at 484. The landlord asks us to overrule *Moonlight*, claiming that the case misinterprets the statute. We believe *Moonlight* is correct and decline the invitation. Therefore, we affirm the trial court's award of double the tenants' security deposit of $1200 or $2400.

ATTORNEY'S FEES

Finally, we turn to the issue of attorney's fees. Section 100.20(5), Stats., requires the court to award a tenant reasonable attorney's fees where a landlord fails to comply with the requirements of Wis. Adm. Code sec. **Ag 134.06**(4), regarding withheld security deposits. *See Paulik v. Coombs,* 120 Wis. 2d 431, 438, 355 N.W.2d 357, 360 (Ct. App. 1984). The trial court awarded $535 without any evidence as to the attorney's fees actually incurred by the tenants, saying only that "[i]t appears to this trial Court there was little, if any, attorney efforts involved, except in the pleadings herein."

414

Although the general rule is that a trial court's findings of fact will not be disturbed on appeal unless clearly erroneous, an exception to this rule exists with respect to determinations of the value of legal services. *Touchett v. E Z Paintr Corp.*, 14 Wis. 2d 479, 488, 111 N.W.2d 419, 424 (1961). This is because the value of legal services is reviewed on appeal by judges who have expert knowledge as to the reasonable value of legal services. *Id.*

*Touchett* stated that the proper factors to be considered by courts when determining reasonable attorney's fees include: the amount and character of the services rendered; the labor, time, and trouble involved; the character and importance of the litigation; the amount of money or value of the property affected; the professional skill and experience called for; the standing of the attorney in his profession; and the general ability of the client to pay and the pecuniary benefit derived from the services. *Id.* at 488, 111 N.W.2d at 423. There was no hearing before the trial court on attorney's fees and the court did not have before it any other documents addressing the *Touchett* factors. The record is inadequate for this court, as well as the trial court, to determine a reasonable figure for attorney's fees. Consequently, we reverse the trial court's award of attorney's fees in the amount of $535 and remand for a hearing to determine the tenants' reasonable attorney's fees incurred to effect the return of the security deposit.[5]

Appeal costs are denied to both parties.

---

[5] We note that the determination of attorney's fees under sec. 100.20(5), Stats., should not include those incurred in defending against the landlord's claims of waste and late fees.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.

*See Paulik v. Coombs,* 120 Wis. 2d 431, 439 n.5, 355 N.W.2d 357, 361 (Ct. App. 1984).