Antoinette ETTER
and the Estate of Robert Etter,
Plaintiffs-Respondents,†

Kathleen HURNING
and the Estate of Stephanie R. Markins,
Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
and State Farm Fire and Casualty Company,
Defendants-Appellants,

Tyson N. KREUSCHER, Wausau Underwriters
Insurance Company and Acuity Insurance,
Defendants.

Court of Appeals

*No. 2008AP113. Submitted on briefs August 5, 2008.*
*—Decided October 15, 2008.*

2008 WI App 168

(Also reported in 761 N.W.2d 26.)

† Petition to review denied 2/10/09.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Claude J. Covelli* of *Boardman, Suhr, Curry & Field LLP*, Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the briefs of *Robert J. Janssen* and *Christina L. Peterson of Stellpflug Law, S.C.*, De Pere.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company appeal a summary judgment against them totaling $483,064.17. State Farm argues the circuit court erred by holding that Robert and Antoinette Etters' (collectively, with the Estate of Robert Etter, "the Etters") personal liability umbrella policy provided uninsured motorist coverage. We agree and reverse the judgment.

## BACKGROUND

¶ 2. Robert Etter was a police officer for the Village of Hobart. While on duty on July 22, 2002, he was in a parked squad car with another officer when Tyson Kreuscher drove his truck directly into the squad car, killing both officers. Kreuscher was subsequently convicted of two counts of intentional homicide. In January 2003, Kreuscher's insurer, American Standard Insurance, commenced a declaratory judgment action. It sought a judgment declaring there was no coverage under Kreuscher's automobile liability policy due to an intentional act exclusion. The circuit court agreed with American Standard and granted the judgment declaring the policy provided no coverage. Kreuscher thus became an uninsured motorist.

¶ 3. At the time of the collision, the Etters had automobile liability policies as well as a $1,000,000 personal liability umbrella policy with State Farm.[1] After the court declared Kreuscher was an uninsured motorist, the Etters cross-claimed for declaratory judgment against State Farm.

¶ 4. As relevant to this appeal, the Etters sought uninsured motorist (UM) coverage under their umbrella policy. State Farm moved for summary judgment, claiming that the unambiguous language of the umbrella policy did not provide UM coverage. The Etters argued the policy was ambiguous. The umbrella policy required them to maintain automobile liability insurance, which in Wisconsin must also include UM cover-

---

[1] The automobile policies were with State Farm Mutual Automobile Insurance Company, and the umbrella policy was with State Farm Fire and Casualty Company. For the sake of simplicity, we refer to the companies as State Farm for the remainder of the opinion.

age. They argued a reasonable insured would conclude that when an umbrella policy requires the underlying policy to include UM coverage it is because the umbrella policy also provides this coverage.

¶ 5. The circuit court agreed the policy was ambiguous.[2] The court construed the policy against State Farm and held that the Etters were entitled to a declaration that the umbrella policy provided UM coverage up to the policy limit.

¶ 6. The Etters and State Farm stipulated that the Etters were legally entitled to collect $800,000 from Kreuscher. The Etters then moved for summary judgment. The court reaffirmed its earlier decision that the Etters were entitled to UM coverage under the State Farm umbrella policy.[3] It granted summary judgment against State Farm for the amount of the stipulated damages less the total amount the Etters had already received from other sources.[4]

---

[2] The court agreed with the Etters that the umbrella policy required them to maintain an underlying policy that, by law, included UM coverage, and that a reasonable insured would therefore believe the umbrella policy also provided this coverage. It also opined that reading this requirement in conjunction with an exception to one of the policy's exclusions heightened the ambiguity in the policy.

[3] The earlier decision was made by Judge Dietz. In the interval between these decisions, Judge Dietz retired. Judge Hinkfuss, therefore, ruled on the summary judgment motion that is the subject of this appeal.

[4] While the cross-claims were pending, Wausau Underwriters Insurance Company, the company that insured the squad car for the Village, entered into stipulations with the Etters to pay them a total of $229,725.83 in UM benefits. Additionally, the Etters were paid $90,933.17 in workers' compensation benefits.

## DISCUSSION

¶ 7. This appeal raises two issues: (1) whether the umbrella policy is ambiguous; and (2) whether WIS. STAT. § 632.32(4)(a)[5] requires personal liability umbrella policies to include UM coverage. We review grants of summary judgment independently, using the same methodology as the circuit court. *Liebovich v. Minnesota Ins. Co.*, 2008 WI 75, ¶ 14, 310 Wis. 2d 751, 751 N.W.2d 764. Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

### I. Whether the policy is ambiguous.

¶ 8. Whether an insurance policy is ambiguous is a question of law that we review independently. *Acuity v. Bagadia*, 2008 WI 62, ¶ 12, 310 Wis. 2d 197, 750 N.W.2d 817. We will not rewrite the policy if its language is unambiguous. When determining whether it is ambiguous, we will accord the policy "its plain and ordinary meaning to avoid imposing contract obligations the parties did not undertake." *Frost v. Whitbeck*, 2002 WI 129, ¶ 17, 257 Wis. 2d 80, 654 N.W.2d 225.

¶ 9. The Etters argue the umbrella policy is ambiguous for two reasons. First, they contend the definition of automobile liability in the policy could reasonably be interpreted to include UM coverage. The declarations page lists automobile liability as a required underlying policy. The endorsement that defines automobile liability contains the following direction: "The

---

[5] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

683

policy must include [UM] Coverage if this coverage is shown on the Declarations." The Etters interpret the sentence to mean the policy must include UM coverage if *automobile liability* is shown on the declarations page as a required underlying coverage. Similarly, they assert that State Farm, in effect, mandated UM coverage because it required they maintain an underlying policy that had to include UM coverage by law. Accordingly, they contend that a reasonable insured would believe that State Farm had required UM coverage in the underlying policy and that such coverage was therefore also included in the umbrella policy.

¶ 10. Second, the Etters contend that an exception to one of the policy's exclusions creates additional ambiguity. Exclusion 10 precludes coverage for personal injury to the insured. The amendatory endorsement clarifies that this exclusion does not apply to the insured "when covered under the 'Required Underlying Insurance Policies . . . .' " Because UM coverage is included in the required underlying policy, the Etters contend an insured could reasonably conclude this endorsement affirms the existence of UM coverage under the umbrella policy.

¶ 11. State Farm responds that the umbrella policy unambiguously promises only liability coverage. The umbrella policy lists only one type of coverage— personal liability.[6] Even if it was not clear from the list of coverages that UM was not included, State Farm argues all doubt should have been erased by the Etters'

---

[6] The policy defines personal liability coverage as follows: "If you are legally obligated to pay damages for a loss, we will pay your net loss minus the retained limit." It then notes the policy defines net loss as "the amount [the insured is] legally obligated to pay as damages for personal injury or property damage."

684

explicit refusal of this coverage. The Etters' application included a section entitled "Rejection of Uninsured/Underinsured Motor Vehicle Coverage," which stated:

> In keeping with the laws of my state, I have been offered the opportunity to purchase Uninsured/Underinsured Motor Vehicle Coverage, and I hereby reject the opportunity to purchase this option as part of this application.

Antoinette Etter placed an "x" in the box next to the statement "I reject Uninsured/Underinsured Motor Vehicle coverage on all vehicles[,]" and signed her name.

¶ 12. State Farm further argues that the policy's amendatory endorsement is irrelevant to the claim that the policy provided UM coverage. An exception to an exclusion, State Farm asserts, "does not . . . create coverage unless the claim is cognizable under the general grant of coverage." *See Silverton Enters. v. General Cas. Co.*, 143 Wis. 2d 661, 671, 422 N.W.2d 154 (Ct. App. 1988). Here, the grant of coverage was for personal liability. Moreover, State Farm posits that this particular amendatory endorsement has nothing to do with UM coverage. Rather, it simply brings a common exclusion—which precludes coverage for relatives of the insured or members of the insured's household in homeowner's liability policies—into compliance with Wis. Stat. § 632.32(6)(b), which proscribes such exclusions in motor vehicle policies.

¶ 13. Finally, State Farm argues the umbrella policy did not require the Etters to maintain UM coverage in the underlying policy. It observes that the sentence, "The policy must include Uninsured and/or Underinsured Motor Vehicle Coverage if this coverage is shown on the Declarations," is conditional. That is,

UM coverage is not always required in automobile liability policies. When it is, it is "shown" on the declarations page. Further, State Farm notes that the declarations page stipulates the Etters must maintain underlying policies with minimum bodily injury limits of liability of $100,000 each person and $300,000 each loss, and provides that if the limits are not maintained, the insured is responsible for the underlying limit of any loss. Thus, State Farm argues that if UM had been required, the policy would have also specified the required policy limits, which it did not.

¶ 14. We agree with State Farm. As it points out, liability coverage and UM coverage are not the same. Liability insurance covers the insured's obligations to others, and UM coverage pays damages the insured is entitled to collect from others. Thus, there should be no confusion about what the policy meant when it stated it provided personal liability coverage.

¶ 15. We also agree that reading the policy as a whole does not reveal any ambiguities. The Etters' interpretation of the definition of automobile liability when listed as a required underlying policy is not reasonable. The policy clearly states that State Farm requires UM coverage *if* it is shown on the declarations. A reasonable insured would interpret this as follows: when an umbrella policy provides UM coverage, the insured must maintain UM coverage in the underlying policy as well. We construe language in insurance policies as a reasonable person in the position of the insured would understand it. *Estate of Sustache v. American Family Mut. Ins. Co.*, 2008 WI 87, ¶ 19, 311 Wis. 2d 548, 751 N.W.2d 845. State Farm did not require the Etters to maintain UM insurance in their underly-

ing policy, and a reasonable insured would not assume the umbrella policy provided such coverage. Thus, giving the policy's language its plain and ordinary meaning, we conclude the policy unambiguously afforded only personal liability insurance.

## II. Whether personal liability umbrella policies must include UM coverage under Wis. Stat. § 632.32(4)(a).

¶ 16. The Etters contend Wis. Stat. § 632.32(4)(a) requires personal liability umbrella policies to include UM coverage. Interpretation of statutes and administrative regulations present issues of law, which we review independently. *Three & One Co. v. Geilfuss*, 178 Wis. 2d 400, 413, 504 N.W.2d 393 (Ct. App. 1993).

¶ 17. The Etters argue that their waiver of UM coverage was ineffective because the umbrella policy was a motor vehicle liability policy. Wisconsin Stat. § 632.32(4)(a) requires that motor vehicle liability policies include UM coverage:

> Every policy of insurance subject to this section that insures with respect to any motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall contain . . . the following provisions:
>
> (a) *Uninsured motorist.* 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom . . . .

687

Because UM coverage was statutorily mandated, the Etters posit, it was not possible for them to waive coverage.

¶ 18. State Farm points out, however, that Wis. Stat. § 631.01(5) permits the insurance commissioner to

> by rule exempt any class of insurance contract or insurer from any or all of the provisions of this chapter and ch. 632 if the interests of Wisconsin insureds or creditors or of the public of this state do not require such regulation.

State Farm notes that in 1987, the Commissioner exercised the authority under this statute to exempt umbrella policies from the requirements of Wis. Stat. § 632.32(4). *See Rebernick v. Wausau Gen. Ins. Co.*, 2006 WI 27, ¶ 27, 289 Wis. 2d 324, 711 N.W.2d 621. This exemption was codified in Wis. Admin. Code § Ins 6.77(4)(a) (March 2008), which provides that "any umbrella liability or excess liability insurance policy is exempt from the requirements of . . . [§] 632.32(4)."

¶ 19. The Etters fail to explain the effect of Wis. Admin. Code § Ins 6.77(4)(a). Rather, they contend without elaboration that this regulation conflicts with the legislature's intent to afford UM coverage to every automobile liability policy. It is not clear if the Etters are challenging the validity of the regulation. If they are, this is an inadequately briefed, undeveloped argument and we need not address it. *See Shannon v. Shannon*, 150 Wis. 2d 434, 446, 442 N.W.2d 25 (1989).

¶ 20. Wisconsin Stat. § 631.01(5) is clear. It permits the Commissioner to exempt insurers from including UM coverage in umbrella policies. The Commis-

sioner did just that with WIS. ADMIN. CODE § INS 6.77(4)(a). The Etters' policy was not required to provide UM coverage.[7]

¶ 21. Therefore, we conclude the Etters were not entitled to summary judgment. Rather, State Farm was entitled to a judgment declaring that the umbrella policy does not provide UM coverage.

*By the Court.*—Judgment reversed as to both State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company and cause remanded for proceedings consistent with this opinion.

[7] We recently held that WIS. STAT. § 632.32(4m) requires umbrella policies to offer underinsured motorist (UIM) coverage. *Nault v. West Bend Mut. Ins. Co.*, 2008 WI App 91, 312 Wis. 2d 677, 754 N.W.2d 520. At the time the Nault policy was issued, the Insurance Commissioner had not exempted umbrella policies from the UIM requirements of § 632.32(4m). The Commissioner has since done so. *Id.*, ¶ 25 n.6.